**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4125**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHANNON BEARFIELD,

        Defendant - Appellant.

**No. 11-4127**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHANNON ALLEN BEARFIELD,

        Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:05-cr-00166-HEH-1; 3:10-cr-00219-HEH-1)

Submitted:  August 3, 2011      Decided:  August 22, 2011

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Paul Gill, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant.  Roderick Charles Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Allen Bearfield pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute fifty grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Bearfield to 276 months' imprisonment. Because Bearfield was on supervised release when he committed the aforementioned offense, the district court also revoked his supervised release and sentenced him to an additional fifty-four months' imprisonment. Through counsel, Bearfield now appeals the drug conviction and sentence in accordance with Anders v. California, 386 U.S. 738 (1967), presenting no meritorious grounds and raising no specific questions for our review (No. 11-4127). Bearfield also appeals his revocation sentence (No. 11-4125), questioning whether it was reasonable but stating there are no meritorious issues for review. Bearfield was advised of his right to file a pro se supplemental brief, but has not exercised it. The Government moves to dismiss the appeal of Bearfield's drug conviction on the basis of a waiver of appeal rights provision in Bearfield's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews

3

the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Bearfield knowingly and intelligently waived his right to appeal his drug conviction and sentence. We note that the language and meaning of the appeal waiver in this case is clear and unmistakable, and both Bearfield and his attorney signed the agreement, indicating that Bearfield had been fully advised about and understood the terms of the plea agreement, including the appeal waiver. Further, he was fully questioned about the appeal waiver at the properly conducted Fed. R. Crim. P. 11 hearing. Accordingly, the waiver is valid. Finally, although Bearfield does not allege any specific error as to his drug conviction, we have reviewed the record and conclude any potentially meritorious issues would fall within the broad appeal waiver. Hence, we grant the Government's motion to dismiss appeal number 11-4127.

With respect to Bearfield's revocation sentence, our review of the record, including the transcript of the revocation hearing, convinces us that the district court imposed a reasonable sentence. The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir.

4

2010). Thus, we will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" the court must decide whether it is unreasonable. Id. at 438. In doing so, the court "follow[s] generally the procedural and substantive considerations" used in reviewing original sentences. Id.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, although it need not explain a revocation sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, the appeals court decides that the revocation sentence is not unreasonable, it should affirm. Id. at 439. In this initial inquiry, this court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652,

5

656 (4th Cir. 2007).  Only if this court finds the revocation sentence unreasonable must the court decide whether it is "plainly" so.  Id. at 657.

Our review of the record confirms that the revocation sentence is not unreasonable, let alone plainly so.  Further, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, the judgment in appeal number 11-4125 is affirmed.

This court requires that counsel inform Bearfield, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bearfield requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bearfield.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

11-4125 - AFFIRMED
11-4127 - DISMISSED